Gary A. Hecker (CSB No. 099008)
ghecker@munckwilson.com
MUNCK WILSON MANDALA, LLP
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:  310.286.0377

S. Wallace Dunwoody (*Pro Hac Vice*)
wdunwoody@munckwilson.com
Jordan C. Strauss (*Pro Hac Vice*)
jstrauss@munckwilson.com
MUNCK WILSON MANDALA, LLP
12770 Coit Road, Suite 600
Dallas, TX 75251
Telephone:  972.628.3600
**Counsel for Plaintiff**

J. David Hadden (State Bar No. 176148)
dhadden@fenwick.com
Saina S. Shamilov (State Bar No. 215636)
sshamilov@fenwick.com
Ravi R. Ranganath (State Bar No. 272981)
rranganath@fenwick.com
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Tel:    (650) 988-8500
Fax:    (650) 938-5200
**Counsel for Defendant**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEIVA OPCO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-02709-AB-MAA<br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Hon. Maria A. Audero |

## 1.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

## 2.   **GOOD CAUSE STATEMENT**

This action is likely to involve business, financial, technical and/or other proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, highly sensitive technical documents describing the design and operation of the accused products and/or products alleged to practice and/or embody the patents-in-suit, source code related to these products, confidential business, strategy, and financial information, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), and other information otherwise generally unavailable to the public, or which may be

1

**STIPULATED PROTECTIVE ORDER**

privileged or otherwise protected from public disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.**     **DEFINITIONS**

3.1.   Action:  This pending federal lawsuit, Civil Action No. 2:22-cv-02709-AB-MAA.

3.2.   Challenging Party:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.   Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5.   Designating Party:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2

**STIPULATED PROTECTIVE ORDER**

3.6.     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and who is not an employee of a party to this Action or an affiliate of a party to this Action.

3.8.     In-House Counsel:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9.     Nonparty:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10.   Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11.   Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.12.   Producing Party:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.13.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or

3

**STIPULATED PROTECTIVE ORDER**

retrieving data in any form or medium) and their employees and subcontractors.

3.14. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE."

3.15. <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.16. <u>Source Code</u>:  Computer code that defines, in an applicable programming language, the algorithms, function or structure of software. Source code includes source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments accompanying the code.  For avoidance of doubt, this includes, but is not limited to, source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and files containing source code in C, C++, BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, VHDL, Verilog, other HDL formats, and any other human readable text programming languages. Source code does not include documents that describe algorithms or structure of software but that do not include code in a programming language.  To the extent documents (for example, PowerPoints or Word documents) contain lines of source code, the Producing Party may elect to redact the lines of Source Code in the document—labeled "Redacted Source Code"—and will otherwise

4

**STIPULATED PROTECTIVE ORDER**

produce the document in the normal course of discovery.  In the event the Producing Party elects to redact Source Code from documents, the non-redacted versions of those documents will be placed on the Source Code Computer for review by the Receiving Party.

3.17. "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items: Protected Material reflecting or comprising non-public Source Code of a producing party.

**4.**   **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.**   **DURATION**

The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court. Subject to any challenges under paragraph 7, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition

**STIPULATED PROTECTIVE ORDER**

shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.      DESIGNATING PROTECTED MATERIAL**

6.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.    <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

**STIPULATED PROTECTIVE ORDER**

Designation in conformity with this Stipulated Protective Order requires the following:

(a)  For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  For testimony given in depositions, that the Designating Party

7

**STIPULATED PROTECTIVE ORDER**

identify the Disclosure or Discovery Material on the record,
before the close of the deposition, all protected testimony.

(c)     For information produced in nondocumentary form, and for any
other tangible items, that the Producing Party affix in a
prominent place on the exterior of the container or containers in
which the information is stored the legend "CONFIDENTIAL."
If only a portion or portions of the information warrants
protection, the Producing Party, to the extent practicable, shall
identify the protected portion(s).

6.3.    Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified
information or items does not, standing alone, waive the Designating
Party's right to secure protection under this Stipulated Protective Order
for such material.  Upon timely correction of a designation, the
Receiving Party must make reasonable efforts to assure that the
material is treated in accordance with the provisions of this Stipulated
Protective Order.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    Timing of Challenges.

Any Party or Nonparty may challenge a designation of
confidentiality at any time that is consistent with the Court's
Scheduling Order.

7.2.    Meet and Confer.

The Challenging Party shall initiate the dispute resolution
process, which shall comply with Local Rule 37.1 et seq., and with
Section 4 of Judge Audero's Procedures ("Mandatory Telephonic

8

**STIPULATED PROTECTIVE ORDER**

Conference for Discovery Disputes").[1]

7.3.   <u>Burden of Persuasion</u>.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.   ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1.   <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

**STIPULATED PROTECTIVE ORDER**

8.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   The officers, directors, board members, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Before access is given, the Expert shall complete the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and the same shall be served upon any producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant.[2]  However, the producing Party may notify

_____

[2] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years; and (iv) and an identification of any patents or patent applications in which the technical advisor is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. If such consultant or expert believes any of this information is

**STIPULATED PROTECTIVE ORDER**

1   the receiving Party in writing that it objects to disclosure of
2   Protected Material to a consultant or expert.  The producing
3   Party waives objection to disclosure of its Designated Material
4   by a receiving Party to an identified outside consultant or expert
5   of a receiving Party if the Producing Party provides no written
6   objection within ten (10) days of service by a receiving Party of
7   the Exhibit A and current curriculum vitae of the identified
8   outside consultant or expert.  Such a waiver shall not preclude a
9   Producing Party from raising an objection at a later time with
10  respect to Protected Material if a party believes in good faith
11  that newly disclosed or discovered information about the expert,
12  had it been known at the time the outside consultant or expert
13  was disclosed, would have warranted such an objection.  The
14  Parties agree to promptly confer and use good faith to resolve
15  any such objection.  If the Parties are unable to resolve any
16  objection, the producing Party may file a motion with the Court
17  within fifteen (15) days of the notice, or within such other time
18  as the Parties may agree, seeking a protective order with respect
19  to the proposed disclosure.  The producing Party shall have the
20  burden of proving the need for a protective order.  No disclosure
21  shall occur until all such objections are resolved by agreement
22  or Court order;

23      (d)   The Court and its personnel;

24

25  _____

26  subject to a confidentiality obligation to a third-party, then the s/he should provide
    whatever information can be disclosed without violating any confidentiality
27  agreements, and the Party seeking to disclose Protected Material to the consultant
    or expert shall be available to meet and confer with the designating Party regarding
28  any such engagement.

11

**STIPULATED PROTECTIVE ORDER**

(e)    Court reporters and their staff;

(f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3.  <u>Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items</u>.

For Source Code designated HIGHLY CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Source Code shall be limited to individuals listed in paragraph 8.2 above, and the

**STIPULATED PROTECTIVE ORDER**

following additional restrictions apply:

(a)    Access to a Party's Source Code shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The standalone computer shall be a current vintage, Windows-based laptop or desktop computer having at least 4 gigabytes of memory, shall have a mouse, and a screen with a minimum size of fifteen inches, and shall be connectable to a second screen supplied by the receiving party at the receiving party's option.  The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel or another agreed-upon location.

(b)    The stand-alone computer(s) shall have disk encryption and be password protected.  Use or possession of any outside electronic input/output device (e.g., USB memory stick, mobile phone, tablet, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, external or portable telephone jack, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code.  All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s).  The producing Party may periodically "check in" on the activities of the receiving Party's representatives during

13

**STIPULATED PROTECTIVE ORDER**

any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.  The producing Party must remain at such a distance as to avoid viewing notes or other work product generated by the receiving Party's representatives and at such a distance to allow representatives of the receiving Party's to carry on a quiet conversation without being overheard by the producing Party. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives.

(c)   Source Code will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. (in the time zone where the Source Code is made available) on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times;

(d)   A list of names of persons who will review Source Code on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code made available by the Producing Party, the receiving Party shall provide five (5) days' notice that it wishes to inspect Source Code.  The receiving Party shall provide three (3) days' notice prior to any additional inspections.  Such notice shall include the names and titles for every individual from the

**STIPULATED PROTECTIVE ORDER**

receiving Party who will attend the inspection.  The producing

Party may maintain a daily log of the names of persons who

enter the locked room to view the source code and when they

enter and depart.  To the extent practical and reasonable, the

Parties agree to accommodate requests for inspection on a

shorter timeframe, particularly when the needs of the case and

case schedule require more immediate access by the receiving

Party to the requested Source Code.  Similarly, the receiving

Party shall make good faith efforts to reasonably accommodate

scheduling limitations identified by the producing Party;

(e)     The producing Party shall provide the receiving Party with

information explaining how to start, log on to, and operate the

stand-alone computer(s) in order to access the produced Source

Code on the stand-alone computer(s);

(f)     The producing Party will produce Source Code in computer

searchable format on the stand-alone computer(s) as described

above;

(g)     Access to any Party's Protected Material designated HIGHLY

CONFIDENTIAL SOURCE CODE shall be limited to outside

counsel and up to four (4) Experts retained for the purpose of

this litigation and approved to access such Protected Materials

pursuant to paragraph 3.14 above.  A receiving Party may

include excerpts of Source Code in a pleading, exhibit, expert

report, discovery document, deposition transcript, or other Court

document (hereinafter, "Source Code Documents") only to the

extent necessary, provided that the Source Code Documents are

appropriately marked under this Order, restricted to those who

are entitled to have access to them as specified herein, and, if

15

**STIPULATED PROTECTIVE ORDER**

1    filed with the Court, filed under seal  in accordance with the

2    Court's rules, procedures and orders;

3    (h)   To the extent portions of Source Code are quoted in a Source

4          Code Document, either (1) the entire Source Code Document

5          will be stamped and treated as HIGHLY CONFIDENTIAL

6          SOURCE CODE or (2) those pages containing quoted Source

7          Code will be separately stamped and treated as HIGHLY

8          CONFIDENTIAL SOURCE CODE. However, for clarity,

9          production documents describing how source code operates (for

10         example, architecture documents, program manuals, process

11         flow descriptions, PowerPoint presentations, etc.) may not be

12         stamped as HIGHLY CONFIDENTIAL SOURCE CODE solely

13         for the purpose of limiting access to such documents.  To the

14         extent any documents (for example, PowerPoints, Word

15         documents, architecture documents, etc.) contain lines of source

16         code, the producing Party may elect to redact only the lines of

17         Source Code in the document and must otherwise produce the

18         document (including any discussion, analysis or commentary of

19         any Source Code) in the normal course of discovery.  In the

20         event the producing Party elects to redact Source Code from

21         documents, the non-redacted versions of those documents must

22         be placed on the stand-alone computer for review by the

23         receiving Party.  Further, if the receiving Party elects to print

24         such non-redacted source code documents from the stand-alone

25         computer, only pages containing source code will count toward

26         any printing limitations contained herein.  Alternatively, a

27         producing Party may elect to produce the entirety of a document

28         containing lines of Source Code in the normal course of

16

**STIPULATED PROTECTIVE ORDER**

discovery with a designation of "HIGHLY CONFIDENTIAL SOURCE CODE."

(i)    Except as set forth in this paragraph, no copies of Source Code shall be made without prior written consent of the producing Party.  The receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents.  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. Notwithstanding the foregoing, the receiving Party may file under seal printed Source Code with the Court via the ECF system without encryption.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE."  No person shall copy, e-mail, transmit, upload, download, print,

17

**STIPULATED PROTECTIVE ORDER**

photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL SOURCE CODE" material, except that the receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  The receiving Party shall be permitted to print 500 pages total from the stand-alone computer (per producing Party).  Furthermore, the receiving Party may print up to 50 contiguous pages.  The receiving Party will only print material that it believes reasonably necessary to the claims and defenses at issue.  If the receiving Party reasonably believes that it is necessary to print more than set forth by these limits, the parties shall meet and confer in good faith to resolve the issue.  To ensure the proper pages requested by the receiving Party are printed, the producing Party shall provide the ability for the receiving Party to save relevant files for printing as PDFs (preserving the line numbers and formatting using a program such as Notepad++) to a folder on the source code review computer for printing, or any other similar arrangement agreed to by the parties.  The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in this paragraph.  Within three (3) business days, the producing Party will mail, or within five (5) business days will deliver, the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  At the receiving Party's request,

18

**STIPULATED PROTECTIVE ORDER**

up to three (3) additional sets, for a total of four sets of printed Source Code may be requested and provided by the producing Party in a timely fashion.  Printouts of Source Code may be made only by the producing Party, and such printouts must include (1) directory path information and filenames from which the Source Code came, and (2) line numbers.  For avoidance of doubt, the receiving Party may make copies of Source Code for service to the Court to the extent requested or required by Court or chamber rules.

(j)    If the receiving Party's outside counsel or Experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel or Experts.  The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) if in a secured locked container, any intermediate location reasonably necessary to transport the Source Code Printouts (e.g., a hotel prior to a Court proceeding or deposition); and

(k)    A producing Party's Source Code may only be delivered by the receiving Party at the direction of a person authorized to view Source Code, on paper via hand carry.  If reasonably necessary, the receiving Party may choose to transport Source Code via courier, including Fedex or UPS.  Source Code may not be transported or transmitted over a network of any kind, including

19

**STIPULATED PROTECTIVE ORDER**

a LAN, an intranet, or the Internet.  Source Code may only be transported for the purpose of Court proceeding(s) and filings, expert reports, or deposition(s) or trial, as set forth in this paragraph and is at all times subject to the transport restrictions set forth therein.

(l)    The producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, on the platform produced.  The receiving Party's outside counsel and/or experts may request that other mutually agreeable commercially available software tools for viewing and searching Source Code be installed on the stand-alone computer, provided, however, that such other software tools are reasonably necessary for the receiving Party to perform its review of the source code consistent with all of the protections herein.  The receiving Party must provide the producing Party with a copy of such licensed software tool(s) at least three (3) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computer.  To the extent any requested commercially available software tool(s) can be downloaded from the Internet, the receiving Party will provide the producing Party with a link or URL at least three (3) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computer.

(m)    The receiving Party's outside counsel and/or Experts shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.  No copies of all or any portion of the source code may leave the room in

20

**STIPULATED PROTECTIVE ORDER**

which the source code is inspected.  Further, no other written or electronic record of the source code is permitted except as otherwise provided above.  No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery; and

(n)     All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

(o)     For the avoidance of doubt, printing of Source Code shall not be used as a substitute for review of the Source Code in the first instance on the Source Code Computer.

## **9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" that Party must:

(a)     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective

**STIPULATED PROTECTIVE ORDER**

Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.   <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

10.1. <u>Application</u>.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. <u>Notification</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty

22

**STIPULATED PROTECTIVE ORDER**

not to produce the Nonparty's confidential information,[3] then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Nonparty, if requested.

10.3. Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

---

[3] If requested information is subject to a protective order entered by another Court, then production will only occur with permission of the nonparty, or upon issuance of an order by the other court that materials covered under that court's protective order may be produced. The party to this case will bear the burden of contacting the nonparty seeking permission, and will not oppose proceedings before the other court, but the requesting party will bear the burden of seeking approval from the other court to access the requested materials.

**STIPULATED PROTECTIVE ORDER**

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**13.   MISCELLANEOUS**

13.1.   Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.   Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing

24

**STIPULATED PROTECTIVE ORDER**

or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3.   Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4.   Export Control.

Absent agreement, a Party's Designated Material must be stored and maintained by a receiving Party at a location in the United States and in a secure manner that ensures that access is limited to persons authorized under this Order.  Absent agreement, Designated Material may not be exported outside the United States or released to any foreign national (even if within the United States), unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to an H-1B visa sponsored by the receiving Party's law firm, or (3) directly employed by the receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the receiving Party.  Should any Designated Material be subject to export outside of the United States upon agreement of the parties, the receiving party shall comply with such laws and agrees not to knowingly export, re-export or transfer the Designated Material of the producing party without first obtaining all

25

**STIPULATED PROTECTIVE ORDER**

1  required United States or any other applicable authorizations or

2  licenses.

3  13.5  <u>Preparation or Prosecution of a Patent Application</u>

4       Absent obtaining written consent from the designating Party,

5  any attorney representing a Party and any person associated or

6  affiliated with the Party and permitted to receive the other Party's

7  Protected Material that is designated CONFIDENTIAL and/or

8  HIGHLY CONFIDENTIAL SOURCE CODE (collectively "Highly

9  Sensitive Material"), who actually learns of, in whole or in part, the

10  other Party's Highly Sensitive Material directed to technical

11  information relevant to this case, but excluding financial data or non-

12  technical business information under this Order, unless such Highly

13  Sensitive Material becomes publicly disclosed or otherwise known,

14  shall not prepare, prosecute, supervise, or assist in the preparation or

15  prosecution of any patent application or patent claims pertaining to the

16  claimed subject matter in United States Patent Nos. 6,442,573,

17  9,203,930, 9,124,656, and 9,654,562 and any patent or application

18  claiming priority to the patents asserted in this Action (collectively the

19  "Field of Invention") during the pendency of this Action and for two

20  (2) years after its conclusion, including any appeals. For purposes of

21  this paragraph, "prosecution" includes any activity related to (i) the

22  preparation or prosecution (for any person or entity) of patent

23  applications, including among others reexamination and reissue

24  applications or (ii) directly or indirectly participating, drafting,

25  amending, advising, or otherwise affecting the scope or maintenance

26  of patent claims within, for example, original prosecution, reissue,

27  *inter partes* review, post grant review, covered business method

28  review and reexamination proceedings. For the avoidance of doubt,

26

**STIPULATED PROTECTIVE ORDER**

this paragraph does not prohibit any person from challenging a patent in *inter partes* review or other post-grant proceeding nor does it prohibit counsel for a Party from participating in and representing such Party in any *inter partes* review or other post-grant proceeding, provided they do not participate in amending any claims.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Highly Sensitive Material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

## 14.    FINAL DISPOSITION

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  Any such archival

27

**STIPULATED PROTECTIVE ORDER**

copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

**15.   <u>VIOLATION</u>**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

28

**STIPULATED PROTECTIVE ORDER**

1

2   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

3

4   Dated: August 12, 2022

5                                         By: */s/ Gary A. Hecker*
                                          Gary A. Hecker (CSB No. 099008)
6                                         ghecker@munckwilson.com
                                          **MUNCK WILSON MANDALA, LLP**
7                                         1925 Century Park East, Suite 2300
                                          Los Angeles, CA 90067
8                                         Telephone:  310.286.0377

9
                                          S. Wallace Dunwoody (Pro Hac Vice)
10                                        wdunwoody@munckwilson.com
                                          Jordan C. Strauss (Pro Hac Vice)
11                                        jstrauss@munckwilson.com
                                          **MUNCK WILSON MANDALA, LLP**
12                                        12770 Coit Road, Suite 600
13                                        Dallas, TX 75251
                                          Telephone:  972.628.3600
14
                                          **Counsel for Plaintiff**
15

16

17                                        By: */s/ Dargaye Churnett*
                                          J. DAVID HADDEN (CSB No. 176148)
18                                        dhadden@fenwick.com
19                                        SAINA S. SHAMILOV (CSB No. 215636)
                                          sshamilov@fenwick.com
20                                        RAVI R. RANGANATH (CSB No. 272981)
                                          rranganath@fenwick.com
21
                                          **FENWICK & WEST LLP**
22                                        Silicon Valley Center
23                                        801 California Street
                                          Mountain View, CA 94041
24                                        Telephone: 650.988.8500
                                          Facsimile: 650.938.5200
25

26

27                                        DARGAYE CHURNET (CSB No. 303659)
                                          dchurnet@fenwick.com
28

**STIPULATED PROTECTIVE ORDER**

1                                        CHRISTOPHER LAVIN (CSB No. 301702)

2                                          clavin@fenwick.com
PATRICK DOYLE (CSB No. 329810)

3                                          pdoyle@fenwick.com
**FENWICK & WEST LLP**

4                                          555 California Street, 12th Floor

5                                          San Francisco, CA 94104
Telephone: 415.875.2300

6                                          Facsimile: 415.281.1350

7

8                                          JEFFREY A. WARE (CSB No. 271603)
jware@fenwick.com

9                                          **FENWICK & WEST LLP**

10                                         1191 Second Avenue, 10th Floor
Seattle, WA 98101

11                                         Telephone: 206.389.4510
Facsimile: 206.389.4511

12

13                                          OLIVIA L. WHEELING
(*pro hac vice*)

14                                         owheeling@fenwick.com

15                                         **FENWICK & WEST LLP**

16                                         902 Broadway, Suite 14
New York, NY 10010-6035

17                                         Telephone: 212.430.2600
Facsimile: 415.381.2850

18                                         **Counsel for Defendant**

19

20  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

21

22  Dated: _August 31, 2022_____             _/s/ Maria A. Audero_

23                                              Maria A. Audero

24                                             United States Magistrate Judge

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of _____

[case name and number].  I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order, and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated Protective

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [full name]

of _____ [address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____

**STIPULATED PROTECTIVE ORDER**

## **ATTESTATION REGARDING E-SIGNATURES**

Pursuant to Local Rule 5-4.3.4, I hereby attest that I have obtained concurrence in the filing of this document from each signatory whose signature is indicated by a conformed signature (*/s/*) within this e-filed document.

By: */s/ Gary A. Hecker*
Gary A. Hecker

**STIPULATED PROTECTIVE ORDER**

## **CERTIFICATE OF SERVICE**

    I certify that on August 12, 2022, I electronically filed the foregoing Stipulated Protective Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

Dated: August 12, 2022        By: */s/ Gary A. Hecker*
                               Gary A. Hecker

**STIPULATED PROTECTIVE ORDER**